**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                                    :
JAMES R. DOWNEY,                    :   CIVIL ACTION NO. 09-1018 (MLC)
                                    :
     Plaintiff,                     :   MEMORANDUM OPINION
                                    :
     v.                             :
                                    :
PAUL PERRAULT, et al.,              :
                                    :
     Defendants.                    :
_____:
```

**THE COURT** ordered the plaintiff pro se to show cause why the Amended Complaint should not be dismissed for the reasons set forth in the Court's Order to Show Cause. (Dkt. entry no. 5, Order to Show Cause ("OTSC").)[1] The Court previously dismissed the Amended Complaint insofar as it sought to assert jurisdiction under 28 U.S.C. § ("Section") 1332. (Dkt. entry no. 4, Order.)

**THE COURT** is concerned that the Amended Complaint should be dismissed under the Rooker-Feldman doctrine, as the plaintiff is attempting to avoid an order in a state-court foreclosure action ("State Foreclosure Action"). (See OTSC at 4-5.) But the proper way to do so is to seek review through the state appellate process, and then seek certiorari directly to the United States Supreme Court. See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923). The Rooker-Feldman doctrine bars adjudication of an action where the

---

[1] The parties' familiarity with the contents of the Order to Show Cause is assumed.

relief requested would require a federal court to either determine whether a state court's decision is wrong or void that decision, and thus would prevent a state court from enforcing its orders. See McAllister v. Allegheny County Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005).  This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a decision in the State Foreclosure Action.  See Moncrief v. Chase Manhattan Mtge. Corp., 275 Fed.Appx. 149, 152-53 (3d Cir. 2008) (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by Rooker-Feldman doctrine because plaintiff sought relief from state-court judgment); Ayres-Fountain v. E. Sav. Bank, 153 Fed.Appx. 91, 92 (3d Cir. 2005) (ordering dismissal of complaint concerning state foreclosure action under Rooker-Feldman doctrine); see also El Ali v. Litton Loan Serv'g, 217 Fed.Appx. 115, 116 n.1 (3d Cir. 2007) (dismissing appeal; noting order dismissed claims concerning foreclosure action, inter alia, as barred by Rooker-Feldman doctrine); Shih-Ling Chen v. Rochford, 145 Fed.Appx. 723, 725 (3d Cir. 2005) (same).

**THE PLAINTIFF**, in response, offers to "update the complaint to remove the 'award of clear, perfect, free and quiet title' with regard to said property".  (Dkt. entry no. 8, Pl. Response at 2.) The plaintiff's response is (1) not responsive at best, and (2) at worst, in effect a request to obfuscate his true intent.  The plaintiff has not countered the Court's concerns here.

**THE COURT** is also concerned that the Amended Complaint should be dismissed under the Younger-abstention doctrine, as the State Foreclosure Action may still be ongoing.  (See OTSC at 5-6.)  A federal court must abstain from exercising jurisdiction when (1) a state-court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court.  See Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).  This Court cannot interfere with an ongoing state-court foreclosure action.  See Gray v. Pagano, 287 Fed.Appx. 155, 157-58 (3d Cir. 2008) (dismissing complaint relating to ongoing state foreclosure action, inter alia, as barred by Younger abstention); see also El Ali, 217 Fed.Appx. at 116 n.1 (dismissing appeal; noting order dismissed claims concerning ongoing state foreclosure action, inter alia, as barred by Younger abstention).

**THE PLAINTIFF**, in response, offers to "remove from the complaint actions with regard to state court decisions over said property."  (Pl. Response at 2.)  Again, the plaintiff's response is (1) not responsive at best, and (2) at worst, in effect a request to obfuscate his true intent.  The plaintiff has not countered the Court's concerns here.

**THE COURT** is also concerned, for the reasons stated in the Order to Show Cause, that the Amended Complaint should be dismissed

3

for failure to assert any discernible claim under federal law, as the plaintiff mentions the Real Estate Settlement Procedure Act and securities violations without providing either statutory citations or discernible claims in support.  (See OTSC at 2-3.) Federal law may not "create[] the cause of action", as a mere possibility of federal issues underlying a claim will not give rise to federal jurisdiction.  See Fran. Tax Bd. v. Constr. Lab. Vac. Tr., 463 U.S. 1, 9-12, 27-28 (1983).  Mere incorporation by reference of federal law into what is essentially a state law claim does not transform it into one presenting a federal issue. See Empire Healthchoice Assur. v. McVeigh, 547 U.S. 677, 699-701 (2006); see also JVC Ams. Corp. v. CSX Intermodal, 292 F.Supp.2d 586, 592 (D.N.J. 2003) (stating action should be remanded when federal law merely referenced or mentioned in claim); Hunter v. Greenwood Trust Co., 856 F.Supp. 207, 214 (D.N.J. 1992) (granting motion to remand New Jersey Consumer Fraud Act claim, even though complaint cited federal banking laws).

**THE PLAINTIFF** offers nothing to buttress his alleged claims under federal law in his response or the over forty pages of exhibits annexed thereto.  (See generally Pl. Resp. at 1-4; id. Exs.)  The plaintiff has not countered the Court's concerns here.

**THE COURT** will grant the Order to Show Cause and dismiss the Amended Complaint insofar as it seeks relief under federal law (1) under the Rooker-Feldman doctrine to the extent that it

4

concerns any final decisions from state court, (2) under the Younger-abstention doctrine to the extent that it concerns any ongoing state-court proceedings, and (3) for failure to assert a claim in support of jurisdiction under Section 1331.[2]

---

[2] The Amended Complaint would also be subject to dismissal under res judicata, as (1) there appears to be valid state-court orders in place, (2) the plaintiff was a party to the State Foreclosure Action, and the individual defendants here are in privity with the parties therein, and (3) the claims here arise from the same transactions or occurrences as the claims that were raised, or should have been raised, in the State Foreclosure Action. See Moncrief, 275 Fed.Appx. at 153-54 (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by res judicata); Ezekoye v. Ocwen Fed. Bank, 179 Fed.Appx. 111, 113 (3d Cir. 2006) (dismissing appeal as frivolous — in federal action concerning state foreclosure proceeding — from order dismissing claims that were and could have been raised against bank and its employees, who were not all parties to state proceeding, based on res judicata); Ayres-Fountain, 153 Fed.Appx. at 92 (noting federal claims concerning state foreclosure action would be barred by res judicata); see also El Ali, 217 Fed.Appx. at 116 n.1 (dismissing appeal; noting order dismissed claims concerning foreclosure action, inter alia, as barred by res judicata). The Amended Complaint could also be dismissed under collateral estoppel, as (1) the issues related to the loan and foreclosure on the mortgaged property at issue were adjudicated in the State Foreclosure Action, (2) any order or judgment would be final and on the merits, (3) the plaintiff was a party in the State Foreclosure Action, and (4) the plaintiff would have had a full and fair opportunity to litigate these issues. See Ezekoye, 179 Fed.Appx. at 113-14 (dismissing appeal as frivolous — in federal action concerning state foreclosure proceeding — from order dismissing claims against bank's counsel for allegedly securing unlawful judgment as barred by estoppel). The claims concerning the act of putting the mortgaged property up for sale by the defendant Kimberly A. Guadagno, in her capacity as the Monmouth County Sheriff, would also be barred by the doctrine of

5

**THE COURT** will also dismiss the Amended Complaint insofar as it may be construed to assert claims under state law, see 28 U.S.C. § 1367(c)(3), but without prejudice to the plaintiff to recommence the action insofar as it concerns those claims in state court, as the limitations period for the cause of action is tolled by the filing of a federal complaint.  See 28 U.S.C. § 1367(d) (concerning state law claims surviving dismissal of federal claims).

**THE COURT** will issue an appropriate order and judgment.

                                                     s/ Mary L. Cooper
                                              **MARY L. COOPER**
                                              United States District Judge

Dated:     September 15, 2009

---

qualified immunity, as doing so violated no clearly established statutory or constitutional rights.  See Gray, 287 Fed.Appx. at 158-59 (noting claim against sheriff putting property up for foreclosure sale, inter alia, was barred by immunity); see also Shih-Ling Chen, 145 Fed.Appx. at 725 (dismissing appeal; noting order dismissed claims against sheriff connected to foreclosure sale as barred by immunity).